STATE OF NORTH CAROLINA v. DARRELL McCRIMMON

No. 8316SC1081

(Filed 17 July 1984)

**Criminal Law § 102.7— jury argument—seriousness of offense—credibility of witness**

In a prosecution for second-degree burglary the district attorney's jury argument regarding the seriousness of the offense was fairly responsive to the argument of defense counsel, and the argument concerning the credibility of defense witnesses was proper.

APPEAL by defendant from *Walker, Hal Hammer, Judge.* Judgment entered 1 June 1983 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 1 May 1984.

Defendant was found guilty of second degree burglary. The State's evidence tended to show that: Late on the night of 9 December 1982 the unoccupied house of Jimmy Martin was broken into and a stereo unit and two speakers, valued at approximately $500, were stolen; one of Martin's neighbors saw defendant and Robert McInnis standing near the Martin home with a stereo system similar to the one stolen; and McInnis, who turned State's evidence, accompanied defendant to Martin's house and waited outside while defendant broke in and removed the stereo. Defendant's evidence tended to show that the night in question was spent at several other places, including a ball game and the homes of certain friends and relatives; but some of the witnesses that supported the alibi were uncertain about the times that he was at some of the places.

*Attorney General Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Philip A. Diehl for defendant appellant.*

PHILLIPS, Judge.

Defendant's first contention is that the trial judge erred in permitting the District Attorney to ask two leading questions of its witness Robert McInnis. One of the questions complained of was not leading—"Did you at any time tell Detective Sims any lies about what happened that night?" Though the other question was leading—"So you told him the truth from the moment you were apprehended?"—it had no prejudicial effect on defendant's trial, in our opinion, and this assignment of error is overruled.

Defendant's only other contention is that his objection to the following portions of the District Attorney's jury argument should have been sustained:

> Members of the Jury, Mr. Diehl stated in his argument Darrell McCrimmon is charged with a serious offense, and I believe that all of you know that a person breaking into another person's home is committing a serious offense. And I ask each of you if someone breaks into your home in the middle of the night, would you think it was serious? If you had to go to work at 11:00 and you had to return at 12:30 or so, and find where someone had pried open your back door—
>
> MR. DIEHL: Objection.
>
> COURT: The jury will take its own recollection of what the evidence was. Overruled.
>
> . . . .
>
> Now, you can direct all your attention to the small inconsistency Mr. Diehl alluded to and you can let Mr. McCrimmon walk out of here, but I suggest to you that you will be doing a grave injustice to Mr. Martin, to Mr. Jones, and to Mr. McInnis also, a person who had enough guts to come here and testify, to admit to you his guilt, and that a person who can manipulate the system in such a way to bring relatives and friends to testify about—

MR. DIEHL: Objection.

COURT: Overruled.

MR. CARTER CONTINUES:

— that can bring friends and relatives to testify as to exact times that I suggest to you they are not sure about. . . .

In our opinion, the first argument was fairly responsive to the argument of defense counsel and the second was within the wide bounds that our practice permits. It is proper for a District Attorney to attack the credibility of witnesses for the defendant when basis therefor exists and we see no error in the argument complained of. *State v. Noell*, 284 N.C. 670, 202 S.E. 2d 750 (1974), *death sentence vacated*, 428 U.S. 902, 49 L.Ed. 2d 1205, 96 S.Ct. 3203 (1976).

No error.

Judges HEDRICK and ARNOLD concur.